IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KENNETH TAYLOR | § | |
| v. | § | CIVIL ACTION NO. 9:12cv38 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Kenneth Taylor, proceeding *pro se*, filed this application for the writ of habeas corpus challenging the computation of his sentence through the application of time credits. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Taylor was convicted of possession of a prohibited item in a penal institution, receiving a sentence of two years in prison, running consecutively to his 20-year concurrent sentences for robbery and possession of cocaine. He was awarded 383 days of pre-sentence jail time on his two-year sentence.

On June 23, 2010, Taylor filed a time credit dispute with TDCJ, saying that the State had failed to apply his pre-sentence time credits. However, the prison officials determined that there was no error in his time calculations. Taylor then sought state habeas corpus relief, which was denied, after which he filed the present federal habeas corpus petition.

The Respondent has been ordered to answer and has done so. This answer states that the prison officials are aware of the award of 383 days of jail time credits, but that because the sentence to which these credits are to be applied is consecutive, it is not certain when the sentence will begin

1

to run. Once the prior sentences cease to operate, triggering the commencement of the two-year consecutive sentence, the Respondent states that the time credits will be applied to that sentence. Taylor did not file a response to the answer.

After review of the pleadings and the state records, which include an affidavit from Charley Valdez, Program Supervisor II for the Classification and Records Department of TDCJ, the Magistrate Judge noted that according to Valdez's affidavit, Taylor's two-year sentence will begin to run when he is approved for parole or discharges his 20-year sentences, neither of which has yet happened. Because the two-year sentence has not commenced, the 383 days of time credits do not yet show up on Taylor's time credit calculation sheets. The Magistrate Judge therefore concluded that Taylor's habeas corpus petition was premature, and issued a Report recommending that Taylor's application for habeas corpus relief be dismissed without prejudice as to its refiling in the event that the time credits are not applied to Taylor's two-year sentence once this sentence begins to run, but with prejudice as to the refiling of this petition before the two-year sentence begins to run.

Taylor has received a copy of the Magistrate Judge's Report but has filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings and records in this cause as well as the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 10) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is hereby DISMISSED without prejudice as to its refiling in the event that the time credits at issue are not applied to the petitioner's consecutive two-year sentence once this sentence begins to run. The dismissal of this petition is with prejudice as to the refiling of the petition before the consecutive two-year sentence begins to run. It is further

ORDERED that the Petitioner Kenneth Taylor is hereby DENIED a certificate of appealability *sua sponte*. The denial of this certificate of appealability shall not affect Taylor's right to refile his petition should his two-year sentence begin to run and the time credits are not applied. Finally, it is

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** on February __14__, 2013.

Ron Clark
United States District Judge